IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LEROY WILLIAMS, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 3:21-CV-08-RAH-KFP |
| ) | |
| SURYARAO MUDRAGADA, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

On January 7, 2021, the Court denied Plaintiff's Motion for Leave to Proceed in Forma Pauperis (Doc. 2) and ordered Plaintiff to pay the civil filing fee by January 21, 2021. Doc. 4. The Court specifically cautioned Plaintiff that a failure to pay the filing fee may result dismissal for failure to prosecute and abide by the orders of the Court. *Id*. Despite this warning, Plaintiff failed to comply with the Court's Order to pay the filing fee. Therefore, the undersigned concludes that this case is due to be dismissed without prejudice. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (stating that dismissal for failure to obey a court order is generally not an abuse of discretion where a litigant has been forewarned).

The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102

(11th Cir. 1989) (holding that "[t]he district court possesses the inherent power to police its docket"). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id.*

Accordingly, the undersigned RECOMMENDS that this case be DISMISSED without prejudice for Plaintiff's failure to prosecute and comply with court orders.

It is further ORDERED that on or before **February 9, 2021**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. The parties are advised that this Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except on grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 26th day of January, 2021.

                                         /s/ Kelly Fitzgerald Pate
                                         KELLY FITZGERALD PATE
                                         UNITED STATES MAGISTRATE JUDGE